IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ANDREA NICOLE WILSON, § <br> aka ANDREA NICOLE BROOKS,[1] § <br>     Petitioner, § <br> § <br> v. § <br> § <br> MICHAEL CARR, Warden, § <br> FMC-Carswell, § <br>     Respondent. § | Civil Action No. 4:20-CV-389-O |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Andrea Nicole Wilson, aka Andrea Nicole Brooks, a federal prisoner confined in FMC-Carswell, against Michael Carr, warden of FMC-Carswell, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I. BACKGROUND**

Petitioner is confined pursuant to her criminal convictions for mail fraud and aggravated identity theft in the United States District Court for the Western District of Texas. Resp't's App. 18-19, ECF No. 11. Her projected release date with good-time credit is October 6, 2026. *Id.* at 3.

To establish the background of the case, the government presented the declaration of Cynthia Bell, an Operations Manager at the Designation and Sentence Computation Center of the Bureau of Prisons (BOP), providing:

    . . .

    5.    On March 18, 2015, Petitioner was arrested by local authorities in Beaumont, Texas, for Forgery, Evading Arrest with Vehicle, and Fraud Use/Possession

---

[1]Petitioner was convicted and is confined under the name of Andrea Nicole Brooks. Resp't's App. 18, ECF No. 11; U.S. DEP'T OF JUSTICE, FED. BUR. OF PRISONS/INMATE LOCATOR, http://www.bop.gov. (last visited Dec. 15, 2020).

        of Identification Information of 50 or more for Case Number 15-22641, and detained.

6. On April 6, 2015, Petitioner was temporarily removed from state custody by the United States Marshals Service on a federal Writ of habeas corpus ad prosequendum.

7. On April 23, 2015, while Petitioner in was in federal custody via Writ, she was sentenced by the United States District Court for the Western District of Texas, for Mail Fraud and Aggravated Identity Theft, Case Number SA-13-CR-933(1)-OLG, to a 121-month term of imprisonment, with 5 year's Supervised Release.

8. On May 27, 2015, Petitioner was appropriately returned to state custody, with a Federal Detainer lodged for Case Number SA-13-CR-933(1)-OLG.

9. On July 20, 2015, Petitioner was sentenced on Case Number 15-22641, to term of 180 days, with credit from March 18, 2015, through April 6, 2015, and May 28, 2015, through July 20, 2015. On November 4, 2015, Petitioner completed her state sentence, and was erroneously released from custody, instead of being turned over to federal authorities to serve her federal term of imprisonment.

10. At the time Petitioner's federal sentence was imposed, the Court was silent as to how it would run in reference to any other terms of imprisonment. The sentencing court was contacted to obtain an opinion regarding the granting of a retroactive designation on August 6, 2019. A response was received on August 20, 2019, indicating the Court has no objection to a concurrent federal sentence recommended. The inmate was notified of this decision in writing on November 25, 2019.

11. A sentence computation was prepared for the petitioner, commencing her sentence on April 23, 2015, the date of imposition, and prior custody credit was applied from March 18, 2015, through April 22, 2015, the date before her sentence was imposed. In addition, 1-day of jail credit was applied for an arrest on November 22, 2013, as credit that has not been applied to another sentence, after the federal date of offense. Petitioner was placed in Escape status from November 5, 2015 (the date she was erroneously released form state custody), through October 22, 2018 (the date she was received in exclusive federal custody). Her Projected Release Date is October 6, 2026.

12. In response Petitioner's request for credit for time spent at liberty, due to being erroneously released, Title 18 U.S.C. § 3585(6) dictates the method of

>calculating credit for prior custody. Sentence credit is awarded for any time spent in official detention prior to the date a term of imprisonment commences, provided it was served as a result of the offense for which the sentence was imposed, or as a result of any offense (state or federal) for which the defendant was arrested after committing the offense for which the federal sentence was imposed. In Petitioner's case, she was released in error from state custody on November 5, 2015, directly to the streets. The United States Marshals obtained custody of her on October 23, 2018. None of this time is considered Official Detention.

*Id.* at 2-3 (citations to attachments omitted).

In this habeas petition, Petitioner raises the following claims for relief, verbatim:

(1) Violation of due process, by being forced to serve my prison sentence in installments, violation of 5th Amendment—arrested without a warrant;

(2) Violation of my 6th Amendment right to effective assistance of counsel;

(3) I received an illegal sentence because of a points calculations error; and

(4) My 14th Amendment rights were violated. I was not given equal treatment under the law.

Pet. 5-6, ECF No. 1. She seeks vacation of her sentence "based on 2255," credit for 1083 days she was erroneously at liberty, and/or immediate release due to the government's "error or inaction" in apprehending her. *Id.* at 7, 10

**II. EXHAUSTION**

Respondent asserts that one or more of Petitioner's claims should be dismissed as a result of her failure to exhaust the Bureau of Prisons's administrative remedies at all levels. Resp't's Resp. 3-5. Although the outcome is not available on the record before the Court, Petitioner asserts that all administrative remedies have been met and there is some evidence supporting her assertion. Pet'r's Reply 1-2, 9-11, ECF No. 16. Thus, accepting her allegation as true, the Court addresses her claims below.

3

## III. DISCUSSION

### A. Due Process Violation

Under her first ground, Petitioner asserts that she is being forced to serve her prison sentence in installments in violation of due process. In support, she alleges the following supporting facts (all spelling, grammatical, and/or punctuation errors are in the original):

> On April 23, 2015 I started serving my sentence on this case. On 11/4/2015 TX Dept.Corrections Released me to Bexar County, at which time I was released on bond. I tried to turn myself in many times, but was told I had no warrants. On 10/23/2018 after 1083 days of being released to the streets in error. I was rearrested for this case. I was arrested at my place of employment by US Marshals who did not present an arrest warrant.

Pet. 5, ECF No. 1.

Although a federal "prisoner is not entitled to credit when there is merely a delay in the execution of one's sentence," in some circumstances a prisoner may receive credit against a sentence if the error of government officials prevented him from serving his sentence. *Leggett v. Fleming,* 380 F.3d 232, 234-35 (5th Cir. 2004). "It is not sufficient to prove official conduct that merely evidences a lack of eager pursuit or even arguable lack of interest." *Piper v. Estelle,* 485 F.2d 245, 246 (5th Cir. 1973). Further, "[w]here there is no evidence that the governmental authority seeking to enforce the prisoner's sentence has erred, a prisoner should not be allowed to avoid service of that sentence." *Leggett,* 380 F.3d at 235-36. *See also Scott v. United States,* 434 F.2d 11, 23 (5th Cir. 1970) (providing where there is "no element of estoppel involved by the federal government of its officers . . . the mere lapse of time [27 months] . . ., without petitioner undergoing any actual imprisonment to which he was sentenced . . . does not constitute service of that sentence . . . and this sentence remains subject to be executed, notwithstanding the delay in executing it"); *Williams v. Young,* No.

4

2:07-CV-1894, 2009 WL 1011068, at *4-5 (W.D. La. Apr. 14, 2009) (following *Leggett* where state and federal sentences ran concurrently). Thus, "errors of state officials should not impact a prisoner's service of his federal sentence." *Leggett,* 380 F.3d at 235.

Petitioner asserts that she tried many times to turn herself in to authorities, however there is no evidence that the federal authorities erred in this case. The Marshals Service followed the correct procedures by filing a federal detainer when Petitioner was transferred back to state authorities on May 27, 2015; the federal detainer was "lost" by state authorities, through no fault of the Marshals Service; and, once discovered on October 22, 2018, the warrants department was notified and the Marshals Service took immediate action by arresting Petitioner the next day. Resp't's App. 13, ECF No. 11; Pet'r's Reply 15-22, ECF No. 16. *Compare Shields v. Beto,* 370 F.2d 1003, 1005-06 (5th Cir. 1967) (lapse of 28 years where state showed no interest in the return of the prisoner was "equivalent to a pardon or commutation of his sentence and a waiver of jurisdiction" over prisoner). Based on controlling Fifth Circuit precedent, Petitioner is not entitled to credit for time spent at liberty where the Marshals Service filed a detainer with the state authorities, but state authorities erroneously released her from custody without notifying the Marshals Service.

### B. Remaining Grounds

In Petitioner's remaining grounds, she challenges the validity of her federal sentence. Section 2241 is not the proper procedural vehicle for raising such claims. *See Pack v. Yusuff,* 218 F.3d 448, 452 (5th Cir. 2000).

### IV. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed

herein, a certificate of appealability is **DENIED**.

    **SO ORDERED** on this 15th day of December, 2020.

                                                    _____
                                                    Reed O'Connor
                                                 UNITED STATES DISTRICT JUDGE